DAVID BUGBEE & *ux. versus* EDWARD SARGENT & *al.*

If a legacy be a charge upon land, it is a trust, within the equity jurisdiction of this Court; and where an estate is devised on condition of, or subject to, the payment of a sum of money, or where the intention of the testator, to make an estate specifically devised the fund for payment of a legacy, is clearly exhibited, such legacy is a charge upon the estate; and a Court of Equity may follow the legal estate, and decree that the person in whom it is vested, shall execute the trust.

The misjoinder of parties defendant in a bill in equity, is no sufficient cause for a dismissal of the bill as it respects other parties than those improperly joined.

If a devise of an estate be rejected by the devisee, and there is no other disposition of the estate in the will, it will descend to the heirs at law.

The principle of election of devises, or bequests, is not applicable to a single devise only, but to a plurality of gifts or devises to a party, who is entitled to enjoy but one.

When the object of a bill in equity is single, to establish and to obtain relief for one claim in which all the defendants may be interested, it is not multifarious, although the defendants may have different and seperate interests.

An action at law cannot be maintained by a legatee for a legacy charged upon land devised to another in the same will, if the devisee has rejected the devise, and is not in possession.

BILL in equity. The substance of the bill, and the grounds taken in defence, in support of the demurrer, appear in the opinion of the Court.

*A. W. Paine* argued for the defendants, citing Rev. Stat. c. 96, § 10; *Given* v. *Simpson,* 5 Greenl. 303; 2 Story's Eq. § 1085; Story's Eq. Pl. 224 to 234.

*M'Crillis* argued for the plaintiffs, citing Story's Eq. Pl. 349; 1 Story's R. 384; 1 Mason, 178.

The opinion of the Court was by

SHEPLEY J. — This case is presented for consideration upon a demurrer to the bill; which alleges in substance, that Edward Sargent, deceased, by his will, which has been approved, gave to Sarah Hasty, now the wife of the plaintiff, Bugbee, a legacy of three hundred dollars to be paid, two thirds by his nephew,

Edward Sargent, and one third by his nephew, Benjamin Sargent, in one and two years from the time, when they should come into possession of land under his will.   That the testator devised to Edward, his heirs and assigns, two undivided third parts of half an acre of land in the city of Bangor, called the Wilder garden lot, on condition, that he should pay to Sarah Hasty two third parts of that legacy; and to Benjamin, the other third part of the same lot upon condition, that he should pay the other third part of it.  ·That although more than two years have elapsed since the will was approved, the devisees have not taken possession of the lot, and that they neglect and refuse to pay the legacy.   That Betsey Sargent, the executrix of the will, has also refused to pay it, alleging that the devisees refuse to accept the devise.   That the plaintiffs have no means of ascertaining, whether they accept or reject it.

The devisees, executrix, and heirs at law of the testator, are made parties defendant.   The prayer of the bill is in the alternative, that the devisees may be required either to accept or reject the devise, and that in case of acceptance the plaintiffs may have a decree for payment of the legacy, or other adequate relief; and that in case of its rejection, they may have a decree for its payment by the heirs at law, or that the lot of land may be charged with the payment of it, and that it may be sold for that purpose.

The grounds of demurrer presented by the counsel for the defendants are, in the first place, that the limited jurisdiction in equity of the Court does not embrace the case ; and that the Court has no power to afford the relief desired.   The Court has jurisdiction in cases of trust ; and if the legacy be a charge upon the lot of land, the beneficial interest in it, which the plaintiffs have, while the legal title is in others, constitutes a trust.   And when an estate is devised on condition of, or subject to, the payment of a sum of money, or where the intention of the testator, to make an estate, specifically devised, the fund for payment of a legacy, is clearly exhibited, such legacy is a charge upon the estate.   *Knightley* v. *Knightley*, 2 Ves. jr. 331 ; *Lupton* v. *Lupton*, 2 Johns. Ch.

R. 623 ; *Harrison* v. *Fly*, 7 Paige, 421. And a court of equity may follow the legal estate and decree, that the person, in whom it is vested, shall execute the trust. Butler's note, 249 to Co. Litt. 290 (b.) ; *Rogers* v. *Ross*, 4 Johns. Ch. R. 404.

It is further insisted, that if the devise be rejected, the estate does not descend to the heirs at law, and that the devisees would still be entitled to any beneficial interest, which might remain after paying the legacy ; and that the heirs at law were therefore improperly made parties. If this position were correct, the misjoinder of parties defendant would be no sufficient cause for a dismissal of the bill as it respects other parties than those improperly joined. *Cockburn* v. *Thompson*, 16 Ves. 321 ; *Covenhaven* v. *Shuler*, 2 Paige, 123. But the position is not correct. If the devise of an estate be rejected by the devisee, and there be no other disposition of the estate in the will, it will descend to the heirs at law. *Townson* v. *Tickell*, 3 B. & A. 31 ; *Doe* v. *Smyth*, 6 B. & C. 112. The cases where a different rule may prevail, as stated in 2 Story's Eq. § 1085, cited by defendants' counsel, arise under the doctrine of election and satisfaction, which supposes a plurality of gifts, or devises to a party, who is not entitled to enjoy more than one, but may elect between them. When as in this case there is a single devise only, the doctrine of election is not applicable to it. The law presumes, that it will be beneficial to the devisee, and that he will accept it, until there be proof, that it has been rejected.

It is further insisted, that the bill should be dismissed because it is multifarious. When the object of the bill, as in this case, is single, to establish and to obtain relief for one claim, in which all the defendants may be interested, it is not multifarious, although the defendants may have different and separate interests. *Brinkerhoff* v. *Brown*, 6 John. Ch. R. 157 ; *Varick* v. *Smith*, 5 Paige, 160.

It is further insisted, that it is a fishing bill, and that it does not show, that the plaintiffs have not an adequate remedy at law. It was decided in the case of *Beecker* v. *Beecker*, 7

Johns. R. 99, that an action of assumpsit for the recovery of a legacy might be maintained upon an express promise of a devisee in possession of the estate, which was charged with the payment of it. And in the case of *Swasey* v. *Little*, 7 Pick. 296, that such an action might be maintained under a statute of Massachusetts against statute and other purchasers in possession of an estate, thus charged, without an express promise. But such an action could not be maintained upon the facts presented by the bill in this case, where the devisees, it is suggested, are not in possession, and have rejected the de-vise. The bill is quite informal, and so deficient in the proper allegations to meet difficulties, which may arise, that the plaintiffs may on that account, possibly, fail to obtain relief. But as the grounds of demurrer prove to be insufficient, the demurrer is overruled.