## George Daly

*v.*

## Bridget Wilkie.

*Filed at Ottawa November 17, 1884.*

1. Will—*devise construed, as passing fee subject to a charge.* A devise as follows: "I will and bequeath unto my son, G. D., all the following described real estate, to-wit: lot No. 5," etc., "to have and to hold the same to him and his heirs forever, subject, however, to the terms and conditions herein limited, that is to say, that he shall, within the term of seven years after my death, pay to my daughter, B. D., the sum of five hundred ——, for and account of the above devise and bequest,"—was held to pass the title to the lot absolutely to the son, but that the subsequent clause created a charge upon the same for the payment of a certain sum of money to his sister, B. D., there being no dispute but that $500 was the sum intended.

2. Same—*devise and bequest construed, as creating a charge or gift— indemnity before paying legacy.* A testator devised a lot to his son, George, subject to a charge of $500, which he was to pay to his sister, Bridget, within seven years, and also made bequests of property or money, and then provided: "I further direct that my said children, Mary Ann, Rosey, George and Bridget, shall, after my death, pay to my wife, Mary Daly, or upon her account, $15 per month during her natural life, said last mentioned amount to be a lien and incumbrance upon the legacies and bequests hereinbefore

given to my said children, and in lieu of dower to my said wife:" *Held,* that the $15 per month required to be paid by the four children was made a charge and lien upon each and every legacy and bequest to them, including the $500 to Bridget, and that she could not compel George to pay it to her without indemnifying him against her share of the $15 per month, and that the court, before requiring the payment to her, should have demanded a bond of solvent parties, to indemnify George.

3. SAME—*sale of land in equity, which is held subject to a charge.* Where a person takes real estate under a will, charged with the payment of a certain amount of money, if he fails to pay the same within the time named in the will, a court of equity may order the land sold for the payment of the money; but in doing so the court should protect such person against any liability resting upon him by the default of the party seeking to enforce such charge.

4. INDEMNITY—*required by court—evidence as to solvency of maker.* Where a party has a right to demand indemnity of a party against loss or injury before paying him money or surrendering his security, and the court so decrees, and a bond of indemnity is presented which is objected to on the ground of the insolvency of the makers, it is error in the court to refuse to admit evidence to show such insolvency.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. THOMAS A. MORAN, Judge, presiding.

Mr. MARVIN BLANCHARD, for the plaintiff in error:

Lot 5 was devised to George Daly, by his father, subject to two conditions: First, the payment of his part of the annuity to his mother; and second, the payment of $500 to his sister. These, in law, are subsequent conditions. 4 Kent's Com. 126, 140; *Shackelford* v. *Hall,* 19 Ill. 212; *Jennings* v. *Jennings,* 27 id. 518.

Where a devise is made of an estate, and also a bequest of so much to another person, payable "thereout," or "therefrom," or "from the estate," it is to be regarded a charge. 4 Kent's Com. 643; *Gardner* v. *Gardner,* 3 Mo. 178; *Taft* v. *Morse,* 4 Metc. 523.

The law favors the construction of a will that shall vest the title. 4 Kent's Com. 129; *Leiter* v. *Sheppard,* 85 Ill. 246; 21 Pick. 311.

So, if a testator annex a condition to the creation of an estate, the performance of which afterwards becomes impossible, or has been dispensed with, the devisee will take the estate discharged of the condition. *Jones* v. *Bamblet*, 1 Scam. 276.

Conditions subsequent are not favored in law, and are construed strictly. 4 Kent's Com. 130.

A violation of the condition will not work a forfeiture of the estate against the devisee, if the devisee was also heir at law, unless it plainly appeared that the devisee had been expressly notified of the condition upon which the devise depended. *Shackelford* v. *Hall*, 19 Ill. 212, and cases cited.

Messrs. M. A. RORKE & SON, for the defendant in error:

A court of chancery has jurisdiction to enforce the collection of legacies charged on real estate. Story's Eq. Jur. chap. 10, secs. 593, 595, 602, 603, 605; 1 Spence's Eq. Jur. 581; *Maher* v. *O'Hara*, 4 Gilm. 424.

Chancery has jurisdiction to supply the word "dollars," after the words "five hundred." 1 Redfield on Wills, chap. 9, secs. 7, 12, 15, 17; 1 Spence's Eq. Jur. 541; 2 Story's Eq. Jur. sec. 1074; Broom's Legal Maxims, 534.

Parol evidence may be received to supply such omissions, and to identify the person or thing intended. *Kurtz* v. *Hibner*, 55 Ill. 514.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by Bridget Wilkey, (formerly Bridget Daly,) to enforce the payment of a certain legacy devised to her by her father, Bryan Daly, by his will bearing date January 24, 1873. The clause of the will relied upon is as follows:

"I will and bequeath unto my son, George Daly, all the following described real estate, to-wit: Lot number five (5),

in block sixteen (16), in the canal trustees' subdivision of the south-east quarter of section 17, town 39, N., R. 14 E. of the third P. M., to have and to hold the same to him and to his heirs forever, subject, however, to the terms and conditions herein limited, that is to say, that he shall, within the term of seven years after my death, pay to my daughter, Bridget Daly, the sum of five hundred ———, for and on account of the above devise and bequest to him."

In 1878, after the death of the testator, George Daly went into the possession of the property, claiming it under the will, and from that time to the present he has remained in the possession of the property, received the rents and profits, and made valuable improvements thereon. Bryan Daly died in 1873, leaving a widow, who then was and still is insane. He also left four children, George, Bridget, Mary Ann and Rosa Daly, to all of whom he devised certain property. The will also contained the following clause:

"I further direct that my said children, Mary Ann, Rosey, George and Bridget, shall, after my death, pay to my wife, Mary Daly, or upon her account, the sum of fifteen dollars ($15) per month during her natural life, said last mentioned amount to be a lien and incumbrance upon the legacies and bequests hereinbefore given to my said children, and in lieu of dower to my said wife."

It appears from the evidence, that Mary Daly is in the asylum, a county charge. No part of the money last above named has ever been paid. It also appears from the evidence, that George Daly, after the expiration of the seven years named in the will, has at all times been ready and willing to pay over to Bridget the $500, providing she would indemnify him against the liability growing out of the money she is required to pay for the support of her mother, which, by the terms of the will, is made a lien and incumbrance on the legacies and bequests named in the will, including the

land devised to George. When she demanded the money, before the filing of the bill, he then notified her he was ready to pay providing he was indemnified. On the hearing in the circuit court, George Daly was required to pay the $500, and interest thereon from December 4, 1880, upon complainant filing a bond with the clerk of the circuit court, with her husband, John Wilkie, as surety, in the penal sum of $600, although the defendant offered to prove that the complainant and her husband had no visible property,—that they were worthless, and that nothing could be collected on the bond.

It will not be necessary in this case to enter upon the discussion of the question whether the devise herein involved is to be regarded a condition precedent or a condition subsequent. If the title to the lot did not pass to George by the terms of the will, he could not be called upon to pay the complainant the money she seeks to recover by the bill. In other words, complainant's case rests solely upon the ground that lot 5 was devised to George, that he accepted the provision made for him in the will and went into the possession of the property, and that the clause of the will devising the property to him, required, as a consideration for the bequest, that he should pay the complainant $500. If the title to the lot did not pass to George Daly by the will, and the property remains as intestate property, he could not, upon any theory, be called upon to pay the complainant, as by the terms of the will itself he was to pay $500 "for and on account of the above devise and bequest to him." We think it plain, from the language of the will, that the title to lot 5 passed absolutely to George Daly. The language, "I will and bequeath unto my son lot 5, * * * to have and to hold the same to him and his heirs forever," is not of doubtful meaning. The title passed; but the language which followed, "that he shall, within seven years, pay Bridget Daly $500 on account of the devise," created a charge upon the land for the payment of a certain amount of money. In other words, under

the terms of the will George Daly took the property charged with the payment of a certain amount of money, and if he neglected or failed to pay the money within the time indicated by the will, a court of equity might order the land sold for the payment of the money.

In so far as the court decreed that the amount was a charge on the land devised to George Daly, and ordered the land sold in payment of that amount, we fully approve the decree; but the court granted the relief without requiring complainant to indemnify the defendant as against the liability created by that provision of the will requiring the four children to contribute $15 per month for the support of the widow, and directing that the amount should be a lien and incumbrance upon the legacies and bequests. True, the court required the complainant and her husband to execute and file a bond with the clerk of the court, but unless they were responsible their bond could be no benefit to defendant. The defendant offered to prove that the parties were insolvent, but the evidence was rejected and the bond accepted. We think this was error. By the express terms of the will the $15 per month required to be paid by the four children for the support of the widow, was made a lien and incumbrance upon all the legacies and bequests, including the $500 willed to complainant, and she should not be allowed to take the money willed to her, and leave the legacies willed to the other three children to be used in payment of the amount provided for the support of the widow. Justice, as well as a fair construction of the terms of the will, require that the legacies and bequests to the four children should bear an equal share of the burden placed upon them by the testator. But if the complainant was allowed to draw the $500 willed to her, and give no indemnity, the other three children would be bound for the whole amount, while complainant would be permitted to escape the payment of any part of the amount required for the support of the widow. A bond without security would

afford no protection. We can perceive no object in requiring a bond from an insolvent person, without security. Before the defendant should be required to pay, the complainant should be required to procure a release from the widow, or give a bond, with good security, indemnifying defendant from loss.

The judgment of the Appellate Court will be reversed and the cause remanded.

*Judgment reversed.*