## SARAH M. PARSONS

### *v.*

## WILLIAM E. MILLAR *et al.*

*Opinion filed February 20, 1901.*

1. JURISDICTION—*when freehold is involved in will case.* A freehold is involved in a will construction case where the title to the freehold is so put in issue by the pleadings that the decision of the case necessarily involves the decision of such issue, although the decree does not result in loss of the estate by one party and the gaining of it by the other party.

2. SAME—*right of executor to have a will construed must be questioned below.* The construction of wills being a recognized head of equity jurisdiction, the power of equity to entertain a bill by an executor to construe a will must be questioned in the trial court, where the objection to jurisdiction is that no trust was involved.

3. SAME—*when executor may maintain bill to construe will.* Where a controversy has arisen between executors as to how the proceeds of personal property in their hands shall be distributed, to determine which a construction of the will is necessary, it is proper for one executor to file a bill for the construction of the will in order to protect himself in the execution of his trust.

4. WILLS—*testator cannot disinherit heir as to intestate property.* A testator cannot disinherit his heir unless he devises the estate to some one else, and hence heirs are entitled to share in intestate property although the testator has clearly manifested an intention to exclude them from all interest in the estate except that devised to them by the will.

5. SAME—*will construed as passing absolute title charged with payment of bequests.* A devise to the testator's son of certain land, "provided that my son * * * pay, as before specified, to my daughter Hannah Vause, within two years after my death, * * * and to my daughter Mary Frances VanMeter, within three years after my death, * * * the sums bequeathed to them in clauses 9 and 10 of this will," passes an absolute title to the son, charged with the payment of the bequests mentioned.

WRIT OF ERROR to the Circuit Court of Coles county; the Hon. FRANK K. DUNN, Judge, presiding.

This is a bill in chancery filed in the circuit court of Coles county by Adam Millar, one of the executors of William Millar, deceased, against William E. Millar, his

co-executor, and all the heirs and devisees of said William Millar, for a construction of the last will and testament of said William Millar, which is in part as follows:

"*First*—I desire and direct that all my debts and funeral expenses be first paid out of my personal estate if sufficient after paying the bequests hereinafter made by this will, and if not sufficient I desire that what deficiency there be shall be paid by my son William E. Millar, in consideration of property bequeathed to him hereby.

"*Third*—I give and bequeath to my son ·Garrett V. Millar the sum of one dollar,   *   *   *   and this sum of one dollar shall be the full payment to him.   *   *   *

"*Fourth*—I give and bequeath to my son Adam Millar the sum of one dollar,   *   *   *   which sum of one dollar I intend shall be his part, in addition to what I had formerly given him.

"*Sixth*—In consideration that during my lifetime I have given my daughter Elizabeth Ann Dora, and her children, a tract of land and $1128.18 in money,   *   *   *   I now bequeath to her one dollar, to be her full share in my estate.

"*Seventh*—Whereas, I have heretofore given to Jemima H. Vause and her children a tract of land and money amounting to $850, I bequeath to her one dollar, to be her full share in my estate.

"*Eighth*—In consideration of my having heretofore given, during my lifetime, to my daughter Sarah M. Parsons the sum of $432.55, I now give to her forty acres of land in Coles county, Illinois, (describing same,) which shall be her full share in my estate.

"*Ninth*—Having given to my daughter Hannah D. Vause the sum of $1200, I now give to her the sum of $1000 in money, to be paid to her by my son William E. Millar within two years after my death, in consideration of bequest made by me to him, as hereinafter named.

"*Tenth*—Whereas, my daughter Mary Frances Van-Meter has received from me, during my lifetime, $1216.50, I now bequeath to her the sum of $1000, to be paid to her

by my son William E. Millar in consideration of bequest made by me to him, as hereinafter provided.

"*Eleventh*—I give and bequeath to my son William E. Millar the following described land, to-wit: (here describing land in Coles county, Illinois,) provided that my son William E. Millar pay, as before specified, to my daughter Hannah Vause, within two years after my death, the sum of $1000, and to my daughter Mary Frances Van-Meter, within three years after my death, the sum of $1000, which amounts shall be the sums bequeathed to them in clauses 9 and 10 of this will.

"Lastly, I do hereby appoint my wife, Sarah, and my sons Adam Millar and William E. Millar, as executors of this will, without bond or security."

William E. Millar and James Vause, Jr., answered the bill. The other defendants were defaulted. James Vause, Jr., filed a cross-bill, which was answered by William E. Millar and other heirs of William Millar, deceased.

William Millar departed this life on the 21st day of June, 1897. Said will was admitted to probate on the 23d day of September of the same year. Sarah Millar, wife of William Millar, and Jemima H. Vause and Hannah D. Vause, daughters of William Millar, departed this life prior to the death of said William Millar. William Millar left him surviving as his sons and daughters, Adam Millar, William E. Millar, Michael Millar, Sarah M. Parsons, Mary F. VanMeter, Elizabeth A. Dora and Garrett V. Millar, and as his grandchildren, Lena L. Vause and Eliza A. Dora, children of Jemima H. Vause, deceased, and William H. Vause, Bettie P. VanMeter, James Vause, Jr., and Sallie V. Lincoln, children of Hannah D. Vause, deceased.

After the payment of all lawful claims against the estate of William Millar there remained in the hands of his executors personal property to the amount of $2400. There also remained a tract of land valued at $700, located in the State of West Virginia, which, by agreement in writing signed by all the heirs of said William Millar,

was to be sold and converted into money and the proceeds thereof placed in the hands of one James H. Clark, of Mattoon, Illinois, to be distributed according to law. The bequests to Hannah D. Vause and Mary F. VanMeter provided to be paid to them by paragraphs 9 and 10 of said will have not been paid.

The chancellor decreed that Garrett V. Millar, Adam Millar, Elizabeth A. Dora, Jemima H. Vause and Sarah M. Parsons took no interest in the estate of said William Millar, under his will or by virtue of the laws of descent, other than such as was given to them, respectively, by the terms of said will; that William E. Millar, by the terms of said will, is liable, personally, to pay the bequests to said Hannah D. Vause and Mary F. VanMeter provided to be paid to them by paragraphs 9 and 10, respectively, of said will, and that the lands devised to William E. Millar by paragraph 11 vested in him absolutely, charged with the payment of the bequests to Hannah D. Vause and Mary F. VanMeter, and that the heirs of William Millar took no interest in said lands devised to William Millar by paragraph 11 of said will. Sarah M. Parsons has sued out this writ of error, which has been made a *supersedeas,* to reverse said decree.

NEAL & WILEY, and D. T. McINTYRE, for plaintiff in error.

J. W. & E. C. CRAIG, and ANDREWS & VAUSE, for defendants in error.

Mr. JUSTICE HAND delivered the opinion of the court:

The defendants in error made a motion to dismiss the writ of error in this case on the ground that this court has no jurisdiction of the subject matter of this suit, as a freehold is not involved, which motion was reserved to the hearing.

The seventh assignment of error is as follows: "The court erred in decreeing that William E. Millar take and

have the lands devised to him by the will of William Millar free from the interest of any other person, and in not decreeing that he had forfeited his interest in said lands and that the same should be divided as intestate estate."

If the defendant William E. Millar had forfeited his title to the lands devised to him by William Millar by reason of the non-payment of the bequests to Hannah D. Vause and Mary F. VanMeter, and the title thereto, by reason of such forfeiture, had vested in all the heirs of William Millar, to hold that William E. Millar took said lands in fee would be to deprive the plaintiff in error, she being one of said heirs, of a freehold estate. On the other hand, to hold that William E. Millar had forfeited his interest in said lands by reason of the non-payment of said bequests, and to decree that the title thereto did not pass to him by reason thereof, but that said lands were intestate property and descended to the heirs of said William Millar, would be to deprive William E. Millar of a freehold estate. In the case of *Sanford* v. *Kane,* 127 Ill. 591, we said (p. 597): "A freehold is * * * involved in all cases where the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate, but it is equally clear that a freehold is involved, within the meaning of the constitution and statute, where the title to a freehold is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue, although the judgment or decree does not result in one party gaining and the other party losing the estate." Under the doctrine announced in that case and subsequent cases there can be no question but that a freehold is involved in this case. The motion to dismiss the writ of error will therefore be denied.

It is contended that a court of equity has no jurisdiction to entertain a bill at the suit of the complainant to construe said will, as no trust is involved. The construction of wills, in proper cases, falls within a well recognized head of equity jurisdiction. (*Whitman* v. *Fisher*, 74

Ill. 147; *Longwith* v. *Riggs,* 123 id. 258; *Woman's Union Missionary Society* v. *Mead,* 131 id. 338.) The jurisdiction of the court in that regard was not challenged in the court below by the plaintiff in error, and such question cannot now be raised for the first time in this court. (*Richards* v. *Lake Shore and Michigan Southern Railway Co.* 124 Ill. 516; *Central Elevator Co.* v. *People,* 174 id. 203.) It is not, however, clear that a trust was not involved. In *Minkler* v. *Simons,* 172 Ill. 323, on page 326 we say: "The executors were clothed with power to sell the real estate belonging to the testator at the time of his death, and, upon making sale, distribute the proceeds in the mode pointed out in the will, different from the disposition provided by the Statute of Descent. A trust was therefore created, and any one interested in the distribution of the trust property had the right to invoke the aid of a court of equity to obtain a construction of the will and enforce the trust as provided therein." Here the executors had reduced the personal property to possession. Twenty-four hundred dollars thereof remained in their hands, and a controversy had arisen as to the manner in which the same should be distributed. To determine the question a construction of the will was necessary, and we see no reason why the complainant might not invoke the aid of a court of equity to obtain the construction of the will and thereby protect himself in the execution of his trust, especially as he and his co-executor disagreed as to the proper interpretation of the will.

William Millar, by the third, fourth, sixth, seventh and eighth paragraphs of his will, manifested a clear intention to exclude five of his children from all interest in his estate other than such as is given to them, respectively, by said paragraphs. A considerable portion of the estate of William Millar is intestate property. A testator cannot disinherit his heir unless he devises his estate to some one else. This doctrine is fully recognized by this court in *Lawrence* v. *Smith,* 163 Ill. 149, and

in *Minkler* v. *Simons, supra.* We are therefore of the opinion that the circuit court erred in holding that Garrett V. Millar, Adam Millar, Elizabeth Ann Dora, Jemima H. Vause and Sarah M. Parsons, or their heirs in case of their death, took no part of the intestate estate of William Millar in the hands of said executors.

The circuit court by its decree attempted to determine the manner in which the West Virginia lands belonging to William Millar at the time of his death, or the proceeds thereof in case of sale, should be distributed. The courts of the State of Illinois have no jurisdiction over lands located in the State of West Virginia, and the decree as to said lands is void. (*West* v. *Fitz,* 109 Ill. 425; *McCartney* v. *Osburn,* 118 id. 403; *Osburn* v. *McCartney,* 121 id. 408.) Neither did the court have jurisdiction over the proceeds thereof by virtue of the agreement of the heirs of William Millar providing for a sale thereof, as James H. Clark, the trustee, is not a party to this suit and said fund is not in court and subject to the order of the court, and jurisdiction was not conferred upon the court over the subject matter thereof by said agreement. In *Richards* v. *Lake Shore and Michigan Southern Railway Co. supra,* we say (p. 519): "It is a fundamental principle that parties to a suit cannot, by consent, confer jurisdiction with respect to the subject matter of the suit by stipulation or consent, for that is fixed by law and is consequently beyond the control of the parties."

It is evident from the language of paragraph 11 of the will that the title to the lands therein devised passed absolutely to William E. Millar, charged with the payment of the bequests of $1000 each, contained in paragraphs 9 and 10, to Hannah D. Vause and Mary F. VanMeter. *Daly* v. *Wilkie,* 111 Ill. 382.

For the errors above indicated the decree of the circuit court is reversed and the cause remanded to that court for disposition in accordance with the views herein expressed.                    *Reversed and remanded.*