JOHN M. SPANGLER, Appellant, *vs.* SELDEN J. NEWMAN *et al.* Appellees.

*Opinion filed April 23, 1909.*

WILLS—*when title vests in devisee subject to charges against the land.* A devise of land to the son of the testatrix "on the condition that he pay" to other children of the testatrix certain sums of money within one year from the death of the testatrix vests the title in such son absolutely, subject to the payment of the amounts specified, and the fact that the money is not paid within one year does not vest the title in the other children or their grantees.

APPEAL from the Circuit Court of Stark county; the Hon. N. E. WORTHINGTON, Judge, presiding.

GEORGE W. HUSTON, for appellant:

The devise of the land in question was upon a condition precedent, and the devisee having failed and neglected to perform such condition no title vested. *Nevius* v. *Gourley,* 95 Ill. 206, and 97 id. 365; *Cassem* v. *Kennedy,* 147 id. 660; *Goff* v. *Pensenhafer,* 190 id. 200.

The devise in the first clause of the will having been made upon a condition precedent not performed, the devise falls into the residue and passes by the residuary clause of the will to the four children of the testatrix named therein, and Jerome B. Newman having conveyed his interest to complainant, the title to said lands is now vested in the

complainant and defendants to this suit as tenants in common. *Mills* v. *Newberry,* 112 Ill. 123; *Goff* v. *Pensenhafer,* 190 id. 200.

Even if the condition mentioned in the third clause of the will should be considered to be a condition subsequent and that the title had vested, the failure by the devisee to perform the condition would divest the title and the devised premises would pass to the residuary devisees, one of whom having conveyed to the complainant herein, the title would now be vested in the parties to this suit as tenants in common. *Hayden* v. *Stoughton,* 5 Pick. 528; *Clapp* v. *Stoughton,* 10 id. 463; *Brigham* v. *Shattuck,* id. 306.

ALLEN P. MILLER, for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a bill in chancery filed by John M. Spangler, the appellant, against Selden J. Newman, Nelden A. Newman and Anna W. Newman, the appellees, for the partition of certain farm lands situated in the county of Stark. A demurrer was interposed to the bill and sustained, and the appellant having elected to stand by his bill, the same was dismissed for want of equity, and he has prosecuted this appeal.

It appears from the bill that Elizabeth W. Newman, at the time of her death, which occurred March 18, 1905, was seized of the premises described in the bill; that she left her surviving Selden J. Newman, Jerome B. Newman, Anna W. Newman and Nelden A. Newman as her children and sole heirs-at-law; that she left a will, which on the 17th day of April, 1905, was admitted to probate in the county court of Stark county; that the first paragraph of the will reads as follows:

"I hereby give, devise and bequeath unto my son Selden J. Newman the following described real estate, to-wit, [premises described in the bill,] on the condition that he pay

to my children Jerome B. Newman, Anna W. Newman and Nelden A. Newman the sum of $3825 to each one of said children within one year after my death, and that from the sum so to be paid to my son Jerome B. Newman there be deducted the amount of certain advancements heretofore made to him, as evidenced by two promissory notes of his which I hold against him, one dated February 13, 1896, for the sum of $250, and the other one dated February 14, 1896, for the sum of $1738.45."

—that on March 10, 1908, Jerome B. Newman and Mary E., his wife, conveyed to the appellant all their right, title and interest in and to the premises described in the bill. It is also averred in the bill "that more than one year has passed since the death of the said Elizabeth W. Newman and that the said Selden J. Newman did not perform the condition upon which the said described premises were devised to him by said will, and did not and has not paid to the said Jerome B. Newman the sum of $3825 in manner and form as in said will provided."

The only question involved upon this record for decision is the meaning of the first paragraph of the will of Elizabeth W. Newman, the contention of the appellant being that the title to the real estate mentioned in said paragraph did not vest in Selden J. Newman, by reason of the fact that he did not, within one year after the death of said Elizabeth W. Newman, pay to Jerome B. Newman the sum of $3825, while the appellees contend that the title to said premises, immediately upon the death of said Elizabeth W. Newman and the probate of her will, vested in Selden J. Newman, and that the legacies to her other children were made a charge upon the premises devised to Selden J. Newman,—which latter view appears to have been the one adopted by the trial court.

It is clear from a consideration of the provisions of the first paragraph of her will that the testatrix desired that her son Selden J. Newman should have absolutely her

real estate and that he should pay to each of her other children the sum of $3825, and that there should be deducted from the share of Jerome B. Newman the amount of two promissory notes which the testatrix held against him, and that to secure the payment of said legacies she made the same a charge upon the said real estate.

In *Perry* v. *Hale*, 44 N. H. 363, a testator devised his farm to his wife during widowhood and then to his son, on condition that he pay testator's daughter Susan $700 and his daughter Mary Ann $800, and it was held the bequests were a charge upon the farm.

In *Birdsall* v. *Hewlett*, 1 Paige's Ch. 32, a testator gave real estate to his widow for life or during widowhood, and after her death or marriage to his nephew in fee, provided he paid certain legacies mentioned in the will, and it was held the legacies were made a charge upon the real estate.

In *Bugbee* v. *Sargent*, 23 Me. 269, it was said: "When an estate is devised on condition of or subject to the payment of a sum of money, or where the intention of the testator to make an estate specifically devised the fund for the payment of a legacy is clearly exhibited, such legacy is a charge upon the estate."

In *Merrill* v. *Bickford*, 65 Me. 118, the testator devised to Bickford a tract of land, and provided said Bickford should pay, or cause to be paid, to Thomas H. Merrill the sum of $60 per year during the natural lives of the said Thomas H. Merrill and his present wife. The annuity was held to be a charge upon the land. The court said: "When the same sentence or clause by which the land is devised imposes upon the devisee the duty of paying an annuity or other sum of money, and no other fund is provided out of which the payment is to be made, such annuity or legacy is a charge upon the land, and if the devisee accepts it he takes it subject to such charge."

In *Daly* v. *Wilkie*, 111 Ill. 382, the will under consideration contained the following clause: "I will and bequeath

unto my son, George Daly, all the following described real estate, to-wit, [describing it,] to have and to hold the same to him and to his heirs forever, subject, however, to the terms and conditions herein limited,—that is to say, that he shall, within the term of seven years after my death, pay to my daughter, Bridget Daly, the sum of five hundred ...... for and on account of the above devise and bequest to him." The court construed the will as if the word "dollars" had been in the blank. It was held that by following the devise, by the language requiring the devisee to pay Bridget Daly $500 within seven years after testator's death on account of the devise, the testator created a charge upon the land for the payment of that sum of money, which charge could properly be enforced in equity by a sale of the land.

In *Parsons* v. *Millar,* 189 Ill. 107, the eleventh clause of the will provided: "I give and bequeath to my son William E. Millar the following described land, to-wit, [describing it,] provided that my son William E. Millar pay, as before specified, to my daughter Hannah Vause, within two years after my death, the sum of $1000, and to my daughter Mary Frances VanMeter, within three years after my death, the sum of $1000, which amounts shall be the sums bequeathed to them in clauses 9 and 10 of this will." The court said (p. 113): "It is evident from the language of paragraph 11 of the will that the title to the lands therein devised passed absolutely to William E. Miller charged with the payment of the bequests of $1000 each, contained in paragraphs 9 and 10, to Hannah D. Vause and Mary F. VanMeter."

We think it is obvious that the title to said real estate vested in Selden J. Newman subject to the payment of said legacies, and that the decree of the circuit court was in accordance with the plain provisions of the will and of the law.

Finding no reversible error in this record the decree of the circuit court will be affirmed.

*Decree affirmed.*