CLARENCE MOEHRS et al., Plaintiffs-Appellants, v. ISABELLE M. MOEHRS et al., Defendants-Appellees.

(No. 73-388;

Fifth District—August 29, 1974.

Lindauer & Lindauer, of Belleville (Randall G. Schneider, of counsel), for appellants.

Crowder & Associates, Ltd., of Columbia, for appellees.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

This case concerns a will provision granting a remainder interest in land to the testator's son providing that the son pay the value of such land, less the cost of any liens thereon, to the other two children of the testator as named in the will. The issue is whether the son's interest was vested and therefore devisable by him to his wife. We affirm.

The will of August P. Moehrs devised to his wife, Laura A. Moehrs, a life estate in his 80-acre farm in Monroe County with power to mortgage it in order to support herself. The will's third paragraph reads:

> "After the death of my wife Laura A. Moehrs the said real estate so devised and bequeathed to her for and during her natural life, consisting of my farm of eighty acres and on which I have placed a value of NINE THOUSAND DOLLARS ($9000.00), I give, devise and bequeath to my son Arthur J. Moehrs, Provided,—first —that all debts and expenses, if any, which may be incurred against the above said real estate, before the decease of my wife, (to create a lien on said premises) first be deducted from the NINE THOUSAND DOLLAR value placed by me upon said Eighty Acre Farm, That he the said Arthur J. Moehrs shall pay in cash, if so desired within one year after the death of my wife without interest, the sum of the equivalent of two-thirds (⅔) of the distributive balance of the value of Nine Thousand Dollars ($9000.00) placed upon said 80 acres by me after all debts and expenses, if any, be deducted. Namely—One Third to my son Clarence A. Moehrs, and One Third to my daughter Mrs. Adelle Hartman."

Laura Moehrs was afterwards declared incompetent and a conservator was appointed for her. Her conservator mortgaged the farm for $8,000 to provide for her support.

Arthur Moehrs predeceased his mother Laura by a year, devising his estate to his widow, Isabella. Within 4 months of Laura Moehrs' death, Isabella tendered $9000 to the conservator for the 80-acre farm. The conservator filed an account and report, and asked the court that he be allowed to transfer the property to Isabella. Clarence Moehrs and Adelle Hartman, children of August Moehrs and named beneficiaries of cash legacies in the will, moved that the conservator's request be denied on the grounds that Isabella had no interest in the farm. The court denied this motion and ordered the farm to be transferred to Isabella. Plaintiffs

bring the present action for construction of the will of August Moehrs and for partition of the farm among his heirs.

The appellants argue that the provision in the will for their benefit from the farm was intended by the testator to operate as a condition to the vesting of Arthur's interest in the farm. Presumably, then, since the "condition" was never fulfilled by Arthur, title in the farm could not vest in Isabella as devisee of Arthur's estate. Thus, they argue, the land must pass by intestacy. Appellants assert that this intent is reflected in the will's words: "That *he* the said Arthur Moehrs shall pay  *  *  *," as well as the overall desire of the testator to primarily benefit his children.

■■ The law clearly supports the conclusion that such a provision directing the payment of a legacy is not a condition subsequent or precedent but merely a charge upon the land enforceable at equity. There appears no suggestion within the will that the consequences of Arthur's non-payment of the legacies would be a failure of the land to vest in him. In fact, the words "if so desired" in the third paragraph indicate a contrary intent. The devise of the remainder to Arthur occurs several lines earlier in this paragraph of the will and is there absolute in its terms, indicating that no conditions attach to the vesting of the interest. *Spangler v. Newman*, 239 Ill. 616, 88 N.E. 202; Daly v. Wilkie, 111 Ill. 382.

The law has clearly followed this interpretation in similar situations. In *Spangler*, the will provided: "'I hereby give, devise and bequeath unto my son Selden J. Newman the following described real estate, to-wit, [premises described] on the condition that he pay to my children Jerome B. Newman, Anna W. Newman, and Nelden A. Newman, the sum of $3825 to each one of said children within one year after my death,  *  *  *.'" (239 Ill. at 617-618.) The supreme court held that this provision vested title to the land in Selden and that the required payments were merely charges upon the land.

In *Parsons v. Millar*, 189 Ill. 107, 109, 59 N.E. 606, the testator provided: "I give and bequeath to my son William E. Millar the following described land, to-wit: [land described] provided that my son William E. Millar pay, as before specified, to my daughter Hannah Vause, within two years after my death, the sum of $1000  *  *  *." All language following "provided" was held to have created only a lien, or charge upon the land and that title vested in the devisee.

■■ In the present case the testator clearly intended that the land title vest in his son Arthur upon the testator's death subject to the life estate and right to mortgage in Laura. The provision that the other children were to receive cash benefit from the land does not indicate an intent

to condition the vesting of interest in Arthur. Therefore the remainder interest vested in Isabella as of Arthur's death.

Judgment affirmed.

EBERSPACHER and CARTER, JJ., concur.