Anna Kakuska et al., Appellees, v. Filomena Roubyk, Appellant.

Gen. No. 14,964.

WILLS—*when legacy charge upon devise.* A devise of real estate which is accompanied by the giving of a legacy or legacies in a particular paragraph, *held,* to be subject to the payment by the devisee accepting such devise of such legacy or legacies.

Bill in chancery. Appeal from the Superior Court of Cook county; the Hon. Albert C. Barnes, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed April 8, 1910.

FRANK C. SOUHRADA, for appellant.

DeWITT C. JONES, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

The complainants, appellees, Anna Kakuska and Mary Daniel, filed their bill in the Superior Court alleging that they are the daughters of John Roubyk, who died testate; that by his will he devised a life estate in certain real estate to his wife, Katerina Roubyk, with the remainder in fee to his son John Roubyk, charged with the payment of certain sums of money to the complainants.

The bill represents that the life estate of Katerina Roubyk in the real estate terminated by her death on or about November 7, 1907; that prior to her death the remainderman, John Roubyk, conveyed the real estate to his wife, Filomena Roubyk, the defendant, subject to the life estate and subject to the charges placed thereon by said will, and that after such conveyance John Roubyk died, and Filomena Roubyk is seized and possessed of the real estate subject to the charges placed thereon by the testator in favor of the complainants.

A copy of the will of John Roubyk is attached to and

made a part of the bill. The prayer of the bill is that by a decree the sums of money mentioned in the will to be paid to the complainants respectively be declared charges and liens upon the real estate and the defendant be ordered to pay them within a day to be fixed, and in default of such payments the said real estate be sold to pay said respective amounts.

The defendant filed a general demurrer to the bill which was overruled by the court and, the defendant electing to stand by her demurrer, the court entered a decree in accordance with the prayer of the bill. This appeal is prosecuted from the decree.

The portions of the will involved are as follows:

"Second: After the payment of said funeral expenses and debts I give, devise and bequeath unto my beloved wife, Katerina Roubyk, all the property, real and personal, which I now have, may die possessed of, situated in the City of Chicago, County of Cook and State of Illinois, to-wit: Lot Fifty-five (55), in Stewart's Subdivision of Block Nine (9) in Johnston and Lee's Subdivision of the South-West quarter of Section Twenty (20), Township Thirty-nine (39), North of Range Fourteen (14), East of the Third (3rd) Principal Meridian, and also Lot Twenty-seven (27), in S. S. White's Subdivision of Block Eight (8) in Johnston and Lee's Subdivision of the South-West quarter of Section Twenty (20), in Township Thirty-nine (39), North of Range Fourteen (14), East of the Third (3rd) Principal Meridian, together with all improvements thereon and to have and to hold the said property for her natural life only.

"Third: I give, devise and bequeath to my son, John Roubyk, the following real estate, to-wit: Lot Number Fifty-five (55) in Stewart's Subdivision of Block Nine (9), in Johnston and Lee's Subdivision of the South-West quarter of Section Twenty (20), Township Thirty-nine (39), North of Range Fourteen (14), East of the Third (3rd) Principal Meridian, with all improvements thereon from and after the decease of my beloved wife, and at the time the said John Roubyk, my son, have to pay to my daughter, Anna

Roubyk, the sum of One Thousand ($1,000) Dollars
and to my daughter, Mary Roubyk, the sum of Two
Hundred ($200) Dollars as their inheritance.

"Fourth: I give, devise and bequeath to my son,
Thomas Roubyk, the following real estate, to-wit: Lot
Twenty-seven (27), in S. S. White's Subdivision of
Block Eight (8), in Johnston and Lee's Subdivision
of South-West quarter of Section Twenty (20), Town-
ship Thirty-nine (39) North, Range Fourteen (14),
East of the. Third (3rd) Principal Meridian, with all
improvements thereon from and after the decease of
my beloved wife, Katerina Roubyk, and at the time the
said Thomas Roubyk, my son, have to pay to my daugh-
ter, Mary Roubyk, the sum of Five Hundred ($500)
Dollars as her inheritance.

"Fifth: To my daughter, Anna Roubyk, the sum
of Five Hundred ($500) Dollars, which are loaned by
John Smolik and secured by one judgment note.

"Sixth: To my daughter, Mary Roubyk, the sum of
Three Hundred ($300) Dollars, which are loaned by
Martin Kesl and secured by one judgment note."

Upon a careful consideration of the terms used in
the third clause of the will in which lot 55 in Stewart's
subdivision is bequeathed to John Roubyk "from and
after the decease of my beloved wife, and at the time
the said John Roubyk, my son, have to pay to my
daughter Anna Roubyk the sum of One Thousand
($1,000) Dollars and to my daughter Mary Roubyk
the sum of Two Hundred ($200.00) Dollars as their
inheritance", in connection with the other portions of
the will, we are of the opinion that the testator in-
tended to create charges upon lot 55 described in the
will for the payments of the sums of money in the
third clause named to his daughters, the complainants,
respectively, by his son John Roubyk, as the residuary
devisee of that lot. The complainants, respectively, on
the termination of the life estate of the widow Katerina
Roubyk, did not have a claim or right of action against
the estate of the testator or his personal representa-
tives for the sums of money payable to them by the

son John Roubyk, and that such sums of money were not legacies in the strict legal sense of the term. It follows further that the rule making the personal estate of the testator the primary fund for the payment of legacies, invoked by counsel for the defendant, has no application to the case. By the terms of the devise the lot in question was given to the devisee John Roubyk, on condition or subject to the payment to complainants, respectively, of the sums of money mentioned, and we think such sums of money are charges upon the lot. The provisions in the will for the payment of the sums of money to complainants are in the same sentence which makes the devise, thus making the intention of the testator clear that the sums of money were to be charges upon the lot devised, there being nothing in the will itself to indicate a contrary intention on the part of the testator. Bugbee v. Sargent, 23 Me. 269; Merrill v. Bickford, 65 id. 118; Perry v. Hale, 44 N. H. 363; Le Rougetel v. Mann, Exr., 63 id. 472; Birdsall v. Hewlett, 1 Paige Ch. 32; and Warner v. Bullen, 123 Ill. App. 138, and the authorities there cited.

The acceptance of the property by the devisee was subject to the charges, imposed upon him a personal obligation to pay off and discharge the equitable liens or charges created by the will for the amounts named, and the defendant and his grantee took the lot subject to the charges and liens placed thereon by the testator in favor of complainants and charged with the payment thereof. This, in our opinion, was the meaning and legal effect of the will. Parsons v. Millar, 189 Ill. 107.

The decree is in accordance with these principles, and it is affirmed.

*Affirmed.*