SOPHIA JACOBS *et al.* Defendants in Error, *vs.* LOUIS F. DITZ, Plaintiff in Error.

*Opinion filed October 28, 1913.*

1. WILLS—*presumption against intestacy does not prevail over an intention expressed in the will.* The presumption that the testator intended to dispose of his entire estate by the will is only a presumption, and will not prevail over an intention expressed in the will.

2. SAME—*the law favors vesting of estates.* The law favors the vesting of estates, and in the absence of words expressing a clear intent to the contrary an estate devised by will will be construed as vested; but if the will shows a clear intent to the contrary such intention must prevail.

3. SAME—*in doubtful cases the courts will construe a condition as subsequent rather than precedent.* Since a condition precedent is one which must be performed before the estate will vest, the courts, in doubtful cases, will hold a legacy to be a charge upon the land rather than hold the payment thereof to be a condition precedent to the vesting of the title.

4. SAME—*when a condition must be held to be precedent.* A provision in a will devising a farm to the testator's son after the death of the testator's wife, that "before he shall receive the farm" he shall pay to the testator's daughter a certain sum as her share of the farm and a certain sum to the testator's step-son, and upon the son filing the receipts of such payments with the county clerk "he shall have the above described lands under this will," must be held to be a condition precedent to the vesting of the estate.

5. SAME—*what is not a contingent remainder, to take effect upon succession.* Where a testator gives a life estate in a farm to his wife and provides that after her death the farm shall go to his son, but before he receives the farm the son shall pay certain legacies and file receipts therefor with the county clerk, the son's interest is not a contingent remainder, to take effect, by succession, on the termination of the life estate, but is a contingent future interest, which will become vested upon payment of the legacies after the expiration of the life estate.

6. SAME—*refusal to accept legacies does not defeat the devise.* Refusal by legatees to accept the legacies when payment thereof is tendered, thereby preventing the performance of the condition precedent upon which the estate was to vest in the party making the tender, does not defeat the devise, but the title will vest upon payment of such legacies into court for the benefit of the legatees.

WRIT OF ERROR to the Circuit Court of Whiteside county; the Hon. FRANK D. RAMSAY, Judge, presiding.

H. C. WARD, for plaintiff in error.

A. A. WOLFERSPERGER, and STAGER & STAGER, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This suit was begun by a writ of error issued from this court to bring up the record of the circuit court of Whiteside county in a suit for partition of lands in that county. The question involved is whether the title to lands devised to the plaintiff in error, Louis Ditz, by his father, Henry Ditz, vested in the devisee at the death of the testator, or was subject to a condition precedent to be performed before the estate should vest. The question is to be determined from the following facts: Henry Ditz was the owner of the lands and had two children,—Sophia Jacobs, one of the defendants in error, and Louis Ditz, plaintiff in error. His wife had a son (William) by a former husband, and this son took the name of Ditz and is William

Ditz, the other defendant in error. Henry Ditz made his will on October 2, 1888, and having provided for the payment of his debts and funeral expenses, he then gave to his wife, Dora Ditz, all his estate for life. After the death of his wife the personal property was bequeathed to his two children, and the fourth paragraph of the will was as follows:

"*Fourth*—After the death of my wife, my farm, same being the west half of the north-west quarter and the north half of the south-west quarter of section 16, township 24, north, range 7, east of the fourth principal meridian, situated in Whiteside county, Illinois, I give and devise to my son, Louis Ditz, to have and to hold forever, but before he shall receive said farm under this will he shall pay to my daughter, Sophia Jacobs, as her share in said farm, the sum of $1000, and to my wife's son, William Ditz, the sum of $500, and if in case I should pay a certain mortgage now on said farm of $2000 before I die, then my son shall pay to my daughter the sum of $2000, or in case I shall pay only $1000 of said mortgage, then my son shall pay to my daughter the sum of $1500 for her share, and upon my son filing the receipts of such payment to the county clerk of Whiteside county, Illinois, he shall have the above described lands under this will."

The relations between Henry Ditz and his step-son, William, were always pleasant. Henry Ditz died on April 1, 1889, and his will was admitted to probate. The circuit court of Whiteside county, on May 18, 1893, rendered a judgment in favor of Christian Burkholder against Louis Ditz. Execution was issued and levied on the above described premises, and a sale was made on June 24, 1893, to Burkholder for $392.55. A certificate of purchase was given to Burkholder, and he afterward assigned it to Dora Ditz, the widow. The premises not being redeemed, the sheriff executed a deed on November 5, 1894. Dora Ditz paid the mortgage of $2000 mentioned in the will from the

income of the farm. She died in November, 1910, leaving a last will and testament, by which she gave all her property to William Ditz, Sophia Jacobs and Louis Ditz, except the household furniture and bedding. Her will was admitted to probate and Sophia Jacobs was appointed executrix. On March 11, 1912, Louis Ditz tendered to Sophia Jacobs $1500 on condition that she should receipt for the same under the will of Henry Ditz, and on March 27, 1912, he sent $500 to a bank in Minnesota to be tendered to William Ditz, and the tender was made on the same conditions as the tender to Sophia Jacobs. Both Sophia Jacobs and William Ditz refused to accept the money offered or to sign a receipt. Afterward Sophia Jacobs and William Ditz filed their bill for partition of the premises against Louis Ditz, claiming that by virtue of the sheriff's deed the remainder after the life estate became vested in Dora Ditz subject to liens in their behalf for the legacies specified in the will of Henry Ditz, and that by the will of Dora Ditz the property was devised to them and Louis Ditz in equal shares, the share of Louis Ditz being subject to liens in favor of Sophia Jacobs and William Ditz for the sums of money to which they were, respectively, entitled under the will of Henry Ditz. The plaintiff in error answered, and filed a cross-bill denying that the title to the real estate was vested in him at the death of the testator, and alleging that the estate devised was subject to conditions precedent, and would only vest on the payment of the amounts specified in the will of Henry Ditz and filing receipts for such payments, as therein provided. The court entered a decree in accordance with the prayer of the original bill, holding that Louis Ditz was entitled to one-third of the premises, subject to a lien of Sophia Jacobs for $333 and a lien in favor of William Ditz for $166, and ordering partition accordingly.

The law presumes that the testator intended to dispose of his entire estate and not to die intestate as to any part

thereof. (*Scofield* v. *Olcott,* 120 Ill. 362; *Hawkins* v. *Bohling,* 168 id. 214; *Northern Trust Co.* v. *Wheaton,* 249 id. 606.) It is also a rule that to enable the court to arrive at the intention of the testator, extrinsic evidence is proper to show the circumstances under which the will was made. Counsel for plaintiff in error calls attention to these rules and asks us to apply them in this way. There was no residuary devise in the will of Henry Ditz, and if Louis Ditz should decline to make the payments and reject the devise the lands devised would be intestate property. There would be the further consequence that William Ditz, not being an heir, would lose the legacy of $500, and the proof of friendly relations made certain the intention of the testator that he should have that legacy. It is insisted that if we apply these rules the conditions must be held to be subsequent and not precedent. But neither of them is of much importance in this case. It cannot be presumed that the testator contemplated the refusal by Louis Ditz of the 160 acres of land about which the parties are contending, on account of the conditions annexed, but he evidently expected that the legacies would be paid. There was no more reason to suppose that the devise would be rejected and the land become intestate estate if the condition was precedent than if the legacies were charged upon the land. To hold the conditions precedent would not imply that the testator intended to die intestate as to the property or that William Ditz would lose his legacy. Whatever force the presumption against an intended intestacy may have, it is only a presumption, and will not prevail over an intention expressed in the will.

The law favors the vesting of estates, and in the absence of words expressing a clear intent to the contrary an estate devised by will will be construed as vested. (*Armstrong* v. *Barber,* 239 Ill. 389; *Drake* v. *Steele,* 242 id. 301.) A precedent condition is one which must be performed before the estate can vest. (2 Blackstone's Com. 154; 4 Kent's

Com. 125; 16 Cyc. 606.) In doubtful cases the courts are inclined to construe an estate as vested in accordance with an accepted public policy, and in such cases will construe a legacy as a charge upon the land devised rather than a condition precedent to the vesting of the estate. In *Jennings* v. *Jennings,* 27 Ill. 518, the testator provided that his sons could take possession of the land devised immediately after his death if they should comply with the condition to take good care of their mother during her lifetime. They could not comply with the condition of future support in the sense of performing the condition and yet take immediate possession, and the word "comply" was construed as meaning assent, and the premises devised as passing subject to the charge. In *Bergan* v. *Cahill,* 55 Ill. 160, where the testator devised a life estate to his wife and the remainder to his son provided the son should pay over to his daughter $100 or an equivalent, there were no words implying a precedent condition, and it was held that upon the testator's death the son took the fee, subject to the legacy. In *Daily* v. *Wilkie,* 111 Ill. 382, the devise was subject to the condition that the devisee should, within the term of seven years after the death of the testator, pay to the testator's daughter the sum of $500. The payment was postponed for seven years after the testator's death, and it was held that the son took the property charged with the payment of the legacy. In *Parsons* v. *Millar,* 189 Ill. 107, the devise was subject to the provision that the son should pay certain sums to the testator's daughters, respectively, within two and three years after his death. The payments were postponed and held to be charges on the property. There was a like condition in *Spangler* v. *Newman,* 239 Ill. 616, where payment was to be made within one year after the death of the testator. The postponement of the time of payment indicated that the payment was not a condition precedent. On the other hand, in *Nevius* v. *Gourley,* 95 Ill. 206, where the devisee was required to pay certain specified legacies out of his own

private funds within one year from the death of the testator and to settle the estate of which he was executor without any other charge, it was held that the condition was precedent; and in *Becker* v. *Becker,* 241 Ill. 423, where, under an ante-nuptial contract, the consideration for property was that the husband should keep in force a certain existing life insurance policy or its equivalent, the condition was considered precedent. In the will of Henry Ditz he provided that before the devisee should receive the farm under the will he should make the payment to Sophia Jacobs and William Ditz, and upon filing the receipts of such payments with the county clerk of Whiteside county he should have the devised lands under the will. This language created conditions precedent to the vesting of the estate, and it cannot be overcome by any presumption against the intention to die intestate or the possibility that the legacy to William Ditz might be lost to him. Although the law favors the vesting of estates, where a will shows a clear intent to the contrary the intention must prevail. The sale and sheriff's deed were void.

The defendants in error refused to accept their legacies when offered to them, but they could not defeat the devise by preventing the performance of the conditions.

Counsel for defendants in error contend that if the estate devised by Henry Ditz was not vested it was a contingent remainder, and an argument is based upon that ground. It was not a contingent remainder which would take effect by succession on the termination of the preceding life estate of the widow. It was a contingent future interest, which was to become a vested estate upon the payment of the legacies, and the legacies could only be paid after the expiration of the life estate. The argument, based on the assumption that the interest of Louis Ditz was a contingent remainder, does not, therefore, require attention.

The decree is reversed and the cause is remanded to the circuit court, with directions to dismiss the original bill,

and upon payment into court by plaintiff in error of the amounts of the legacies, to vest the title to the property in him, subject to a lien of the executrix of Dora Ditz for the principal of the $2000 mortgage paid by Dora Ditz, with interest from her death.

*Reversed and remanded, with directions.*