(No. 15447.—Decree affirmed.)
PETER CRONIN *et al.* Plaintiffs in Error, *vs.* THOMAS
CRONIN, Defendant in Error.

*Opinion filed December 16, 1924.*

1. WILLS—*when devise is not upon condition.* Where a tes-
tator devises the remainder after a life estate in his wife to a cer-
tain son "in fee simple absolute forever," and provides in a codicil
that within two years after the wife's death the son shall make cer-
tain payments to the testator's other children, which "shall be a
lien on all of said lands until paid," the remainder vests in the son
immediately upon the testator's death and is not upon condition
precedent or subsequent, even though the will provides the pay-
ments "shall be a condition precedent to his taking the land."

2. SAME—*conditions precedent must be literally fulfilled.* Con-
ditions precedent must be fulfilled to the very letter before an es-
tate devised upon such condition can pass.

3. SAME—*conditions precedent are not favored.* Courts are ad-
verse to construing conditions to be precedent when they might
defeat the vesting of estates under a will, and although the words
be in the form of a condition precedent, the general intent of
the testator, as collected from the four corners of the instrument,
showing a different purpose, will prevail.

4. SAME—*intention of testator will prevail although words must
be rejected.* The intention of the testator, if clearly disclosed by
the will, must prevail even though some words must be rejected.

5. SAME—*what determines whether an estate is upon condition.*
One of the most important considerations in determining whether
an estate is upon condition is the presence or absence of a clause
providing for a re-entry by the grantor or testator or his heirs
upon a forfeiture of the estate for a breach of the condition.

WRIT OF ERROR to the Circuit Court of Logan county;
the Hon. FRANK LINDLEY, Judge, presiding.

HAROLD F. TRAPP, for plaintiffs in error.

McCORMICK & MURPHY, for defendant in error.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

Peter Cronin filed his petition at law in the circuit court of Logan county for partition of lands of which his father, John Cronin, died seized. He made his brothers, Thomas, John, Maurice and Patrick, and the tenants in possession of the land, defendants. Thomas Cronin filed a general demurrer to the petition, which was sustained by the court, and plaintiff electing to stand by his petition the court entered judgment dismissing it. Peter, John, Maurice and Patrick Cronin have sued out this writ of error to review the judgment.

John Cronin, the father, died testate on May 30, 1914, leaving surviving his widow, Katherine Cronin, and his five sons. He died seized of the sixty-five acres of land the subject matter of this suit. His last will, and the codicil thereto, were admitted to probate in the county court of Logan county. By his will, after directing payment of his debts and funeral expenses, he by the second clause devised to his wife, Katherine, for the term of her natural life, all the real estate, of every kind and character, of which he might die seized, with the remainder to his son Thomas "in fee simple absolute forever." He bequeathed to his wife all the personal property of which he might die possessed, with full power of alienation, and provided that if any of the personal property should remain undisposed of by his wife at her death, such remainder was to be equally divided among his sons Thomas, Maurice, Patrick and John. By the fourth clause of his will he directed his son Thomas to pay to his son John the sum of $400 and to his son Maurice $100, such payments to be made within two years after the death of his wife or within two years

after his death, in case he should survive her, said sums to be liens upon the land devised to Thomas. Thomas was named as executor of the will without bond. After the execution of the will the testator executed a codicil to it, which re-affirmed the provisions of the will except wherein it was changed or modified by the codicil. After re-affirming the will, by his codicil he canceled and annulled the fourth clause, and in lieu thereof directed that his son Thomas pay to his sons John, Patrick and Maurice the sum of $100 each, and to his grand-daughters, Mary Cronin, daughter of his son John, and Katherine Cronin, daughter of his son Patrick, the sum of $50 each. He further directed that the funeral expenses of himself and his wife should be paid by Thomas, and that Thomas should also, within one year after the death of the testator and his wife, cause to be placed over their graves a suitable monument or memorial stone, the expense of which should not be less than $500. The final clause of the codicil is in this language: "The payments above provided to be made by my said son Thomas, except the funeral expenses and the provisions for the monument, shall be paid within two years after the death of my said wife and myself or the last survivor of us, and shall be a condition precedent to his taking the land provided for in the second clause of my said will and shall be a lien on all of said lands until paid."

Katherine Cronin, the widow, died January 24, 1920. Thomas Cronin took possession of the real estate in question under the second clause of the will. He did not within two years after the death of the widow, as provided in the codicil, pay any of the sums to the sons and grand-daughters mentioned therein, although the time in which he was to do so has elapsed. The petition for partition alleges that the payment by Thomas of the specific sums mentioned in the codicil to the sons and grand-daughters is a condition precedent to his taking the real estate under the will, and that as the condition was not performed within the time speci-

fied, the real estate has descended as intestate property to the five children of the deceased, subject to the lien for the payment of the specific sums aforesaid.

The sole question presented for decision is whether the devise of the real estate to Thomas in the second clause of the will is upon the condition precedent that he make the payments within the time specified in the codicil, or whether the title to the property vested immediately in the devisee upon the death of the testator and probate of the will, with a charge and lien for the payment of the specified sums to the sons and grand-daughters. To determine this question the intention of the testator as ascertained from the provisions of the will and codicil must govern. They are to be construed together and both instruments given effect except wherein they are repugnant to each other. Under the second clause of the will the testator expressly devises all of his real estate to his widow for life, "with remainder to my son Thomas Cronin in fee simple absolute forever." That provision, standing alone and unqualified, would vest Thomas with the absolute fee simple title to the property upon the death of his father and probate of the will. There is no other clause in the will or codicil that specifically divests the fee simple title thereby devised in case the payments are not made and no devise over on such condition. The testator does not provide for the title vesting in the heirs or other persons pending the two years for payment. The words in the codicil, "shall be a condition precedent to his taking the land," are not conjoined with others giving a right of re-entry or declaring a forfeiture in the event the payments are not made within two years. Those facts, in connection with the further fact that the codicil provides that the payments shall be postponed for two years after the death of the testator and his wife "and shall be a lien upon all of said lands until paid," make a clear showing that the title to the land under the will vested immediately on the death of the testator and probate of his will, and

that that was the intention of the testator notwithstanding the further fact that the testator also employed in the codicil the words, "the payments above provided to be made by my son Thomas, except the funeral expenses and the provisions for the monument, shall be paid within two years after the death of my said wife and myself, * * * and shall be a condition precedent to his taking the land provided for in the second clause of my said will."

In *Spangler* v. *Newman*, 239 Ill. 616, the testatrix devised land to her son "on condition that he pay" certain sums to each of her other children within one year after her death. The son failed to make the payments within the year. This court held that the title to the land vested in the son immediately upon the death of the mother, and that the legacies to other children were charges upon the premises which could be enforced in equity by the sale of the land devised.

In *Daly* v. *Wilkie*, 111 Ill. 382, it was held that a provision of a will devising real estate to a son subject to the condition that he pay a certain sum to the testator's daughter within seven years was a devise in fee to the son and that the testator simply created a charge against the land in favor of his daughter.

In the case of *Parsons* v. *Millar*, 189 Ill. 107, a clause devising real estate to the son provided he pay a certain sum to testator's daughters within designated times was construed as devising the absolute title to the son, charged with the payment of the legacies to his daughters.

In the case of *Jacobs* v. *Ditz*, 260 Ill. 98, the devise was to the testator's son, "to have and to hold forever, but before he shall receive said farm under this will he shall pay to my daugther, Sophia Jacobs, as her share in said farm, the sum of $1000," and the clause closed with this further statement: "and upon my son filing the receipts of such payment to the county clerk of Whiteside county, Illinois,

he shall have the above described lands under this will." The condition in that devise was clearly a condition precedent. There was no postponing of the payment in that case by the son to a definite time and no provision for a lien on the land for the payment. Besides, the express provisions of the will are that the son should not receive the land before or until he performed the conditions, and there were no other words in the clause or will that threw any doubt upon the intention of the testator to devise the land on a condition precedent. In the decision of that case the three cases above cited were referred to, and it was said with reference to them, that the postponement of the time of payment indicated that they were not conditions precedent. It was also expressly stated in the decision that in doubtful cases courts are inclined to construe an estate as vested in accordance with an accepted public policy, and in such cases will construe a legacy as a charge upon the land devised rather than a condition precedent to the vesting of the estate. The case of *Nevius* v. *Gourley,* 95 Ill. 206, was referred to, in which the condition was held a condition precedent although the devisee was given one year from the death of the testator to perform the condition. This latter case is not in point here, because the testator in substance said that if his son should make the payments therein required out of his own private fund within one year and should settle the estate without any other charge, "then I give and bequeath to" my son the real estate described. The giving of time for payment in that case could not render it doubtful that the testator intended to create a condition precedent, because he predicated the devise solely on the condition that the son perform the obligations required of him within a year, and because the testator specifically provided that "then,"—that is, after the performance of the condition,—the son should have the land.

The case now before us is much stronger than any we have cited holding that a condition precedent was not in-

tended, for the reason that the testator provided that the payments should be a lien on the land devised to Thomas Cronin. How could it be a lien on the land as against Thomas if the condition is a condition precedent? Conditions precedent must be fulfilled to the very letter before an estate devised upon such condition can pass. It is said in Alexander on Wills, (vol. 2, sec. 1037,) that courts will always seek to uphold, if possible, the testamentary dispositions of the deceased, and are adverse to construing conditions to be precedent when they might defeat the vesting of estates under a will; and although the words be in the form of a condition precedent, the general intent of the testator, as collected from the four corners of the instrument, if showing a different purpose, will prevail. This is the general rule in this country, and there is no question but that it is the rule in this State. In construing wills we have adopted as a rule of this court that the intention of the testator, if clearly disclosed by the will, must prevail, even though some words must be rejected. (*Rose* v. *Hale,* 185 Ill. 378.) One of the most important considerations in determining whether a clause is a condition subsequent or something else, is the presence or absence of a re-entry clause by the grantor or testator or his heirs, or a forfeiture of the estate for breach of the condition. The quoted clause of the codicil creates neither a condition precedent nor subsequent, strictly speaking, but merely makes the payment of the legacies by the son a lien on the property devised, which may be recovered in foreclosure proceedings in equity by the parties to whom such payments are to be made.

The decree of the circuit court is affirmed.

*Decree affirmed.*