MIRIAM SOKOL et al., Plaintiffs-Appellants, v. ROSE GLABMAN et al., Defendants-Appellees.

(No. 54942; )

First District—February 4, 1972.

*Rehearing denied April 7, 1972.*

Rabens, Formusa & Glassman, of Chicago, (Marvin Glassman, of counsel,) for appellants.

Gottlieb & Schwartz, and Greenberger, Krauss & Jacobs, both of Chicago, (Mark S. Lieberman, Robert A. Simon, Michael J. Freed, and Richard M. Kohn, of counsel,) for appellees.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

This is an action for the construction of the will of Isadore Glabman, deceased. The circuit court dismissed the action, holding that plaintiffs failed to state a cause of action.

Article III of the will provides as follows:

"All the rest, residue and remainder of my estate I bequeath to ROSE GLABMAN, MEYER GOLDSTEIN and BERNARD H. SOKOL, as Trustees, to be held under the following terms and conditions:

If during the lifetime of my wife, ROSE GLABMAN, it shall be determined by all of my Trustees that her income from all sources is insufficient to maintain her, then I direct that so much of the income of the trust as shall satisfy her needs shall be so used.

I desire that my sons, NORMAN GLABMAN and JERRY GLABMAN, ultimately succeed to my ownership of common stock of Glabman Bros., Inc. and my daughters, GERTRUDE COHEN and MIRIAM SOKOL, to its cash equivalent.

Such property shall be held by my Trustees in four equal shares, one for each of my children, NORMAN GLABMAN, JERRY GLABMAN, GERTRUDE COHEN and MIRIAM SOKOL, except that NORMAN GLABMAN'S and JERRY GLABMAN'S shares shall consist wholly of common stock of Glabman Bros., Inc. In determining the exchange value of such shares, value as reflected in the regular books of account of Glabman Bros., Inc. shall be used.

I am mindful that all my children presently own stock in Glabman Bros., Inc. and I direct that NORMAN GLABMAN and JERRY GLABMAN purchase, or cause to be purchased, all of the common stock in

Glabman Bros., Inc., including this stock, which may be owned by GERTRUDE COHEN and her children and MIRIAM SOKOL and her children and that such purchase be made at book value, and I specifically direct that GERTRUDE COHEN and MIRIAM SOKOL and their children sell their common stock in Glabman Bros., Inc. to their brothers, NORMAN GLABMAN and JERRY GLABMAN. My Trustees are directed and empowered to facilitate such exchange."

After the estate of Isadore Glabman was opened Rose Glabman, the widow of Isadore, renounced the will. This, all parties admit, had the effect of accelerating the gift over to the children. Defendants refused to purchase the stock of plaintiffs, and the complaint seeks a construction of the will requiring a forfeiture of the bequest to defendants of Glabman Bros., Inc. stock in the event that defendants continue to fail to comply with the stock purchase plan provided by the will. Alternatively, the complaint asks that the provision for defendants' purchase of the stock be construed as a personal obligation of defendants.

The sole issue on appeal is whether the complaint states a cause of action.

*Opinion*

■■ In *Jusko v. Grigas* (1962), 26 Ill.2d 92 at 96 the court said: "The court will take jurisdiction to hear and determine complaints to construe wills and where there is doubt or uncertainty as to the rights and interests of parties arising under such wills. (*Peck v. Drennan,* 411 Ill. 31; *Sherman v. Flack,* 283 Ill. 457.) On the other hand, the court will refuse to assume jurisdiction of a complaint to construe a will which is neither ambiguous or uncertain. The court does not acquire jurisdiction to construe a will merely because the complaint contains an allegation that a question requiring construction exists where the record shows no such question exists. (*Peck v. Drennan,* 411 Ill. 31; *Bartlett v. Mutual Benefit Life Ins. Co.* 358 Ill. 452.) The purpose of construing a will is to ascertain and, if possible, give effect to the intention of the testator."

■■ As the remainder of this opinion will show, we find that the instant will does present questions as to the rights and interests of the parties and therefore conclude that the complaint states a good cause of action.

Two questions are raised on appeal. First, whether the language of Article III providing for purchase of the stock by defendants Norman and Jerry Glabman is merely precatory or is a mandatory direction; and, second, if it is a directory provision, what are the conditions attached to the bequests to Jerry and Norman Glabman.

Turning first to the issue of whether the stock purchase plan could

be construed as directory or merely precatory, we note that testator employed two different expressions in stating his testamentary plan. In the third paragraph of the Article quoted, *supra*, the testator used the word "desire." In the fourth paragraph, however, we find the word "shall," and in the fifth paragraph the operative word is "direct." We believe that the third paragraph, which employs the word "desire" and might therefore be construed as merely precatory, states only testator's outline of his dispository plan as to the ultimate result of his testamentary disposition, that is, that his sons should ultimately possess his stock in Glabman Bros., Inc. and that his daughters should take its monetary equivalent. The fifth paragraph might be construed as spelling out in detail the specific steps for accomplishment of the testamentary objective and its use of the expression "I direct" could eliminate any possibility of a merely advisory or precatory construction.

██ We turn now to consideration of the construction which might be placed upon the questioned provision as to which the complaint alleges a forfeiture. Where a testamentary provision requires a beneficiary to pay a sum of money to a third person, courts have manifested a strong preference for holding that the estate vests at the death of the testator rather than holding that a condition precedent has been created which may result in a forfeiture. See Note at 62 A.L.R. 589 and cases cited therein. Even in cases where language within the will used terms such as "condition" courts have found no condition precedent to have been created. (See *Spangler v. Newman* (1909), 239 Ill. 616; *Daly v. Wilkie* (1884), 111 Ill. 382; *Cronin v. Cronin* (1924), 314 Ill. 345.) Only where the language of the provision clearly and unmistakably requires the prior performance by the beneficiary before the property is to vest will a court construe the provision as creating a condition precedent. See *Jacobs v. Ditz* (1913), 260 Ill. 98 and *Nevius v. Gourley* (1880), 95 Ill. 206.

Upon consideration of the language employed in the instant case the trial court on remand would want to consider the possibility that it effectively creates a charge for the benefit of plaintiffs against the stock bequeathed by the testator to his sons. A reading of paragraphs three and five together, could indicate the intent of testator to be that his sons should "ultimately succeed to my ownership" of the stock. The formula stated in paragraph five providing for the purchase in effect then could be seen to provide for payment of an ascertainable sum for the benefit of plaintiffs by the sons, and to create a charge for the benefit of plaintiffs against the stock bequeathed by the testator to his sons. See *Cronin v. Cronin* (1924), 314 Ill. 345 and *Kakuska v. Roubyk* (1910), 155 Ill. App. 452.

The dismissal order is reversed and the cause is remanded with directions to add the trustees as parties to the litigation and to proceed with construction of the will.

Reversed and remanded with directions.

DRUCKER and ENGLISH, JJ., concur.