## SUPREME COURT.

HENRY R. WINTHROP, individually and as executor of MAR-
GARET LOUISA WINTHROP, deceased, *et al.*, agt. HARRIET R.
McKIM *et al.*

*Construction of will — post-nuptial settlement — condition subsequent.*

The will of the testatrix, after devising one-third of her real and personal
estate to her husband, and one-third thereof to her son T. B. W., pro-
vided as follows :

"Third. To my daughter, H. R. W., I give the other share of my said
real and personal estate, to have and to hold the same to her and her
heirs, executors, administrators and assigns forever."

"But on the condition that in anticipation of her marriage, whenever it
shall take place, a settlement of all her real and personal estate shall be
made by some effectual deed, to trustees, securing to her the net
income, during her life, and securing the remainder to her issue and
next of kin, after her decease, or in such manner as she may appoint by
will to and among her kindred or any of them, the details of which set-
tlement shall be approved by her father, if living."

And from her marriage until such settlement (unless it be made before)
I give the income of said last-mentioned share to the executors of this
will, in trust to apply the net income to her use, and I give the remain-
der to her issue in fee simple, per stirpes, or failing issue, at her death,
to her heirs at law and next of kin."

*Held,* that in giving a construction to this clause of the will, it must be
considered that it was the undoubted intention of the testatrix to divide
her estate equally between her husband and children, giving each a one-
third share, and also that her daughter's share should not be subject to
the control of her husband.

It was also beyond dispute that the testatrix intended that in case her
daughter did not marry that she should possess her estate absolutely, and
that she should have the complete and unfettered power of disposal of
the same at her death.

The daughter having married before the death of the testatrix, who was
present at the wedding, the latter must be presumed to have assented to

such marriage, and thereby impliedly revoked the condition as to the marriage settlement contained in the will, as by her daughter's marriage during the life of the testatrix it became impossible of performance, and the daughter would then take her property free and clear of any condition.

*Held*, also, that this condition in regard to the marriage settlement must be considered by all fair rules of construction, and must have been so intended by the testatrix, as a condition subsequent and not a condition precedent. She intended to make the condition apply only to a marriage .which should take place after her death, when she could not by any act of her's protect her daughter from an improvident husband in case she should make an unfortunate choice.

The distinction between conditions precedent and subsequent is this:

Conditions precedent are such as must happen or be performed before the estate can vest.

Conditions subsequent are such as when they happen or are performed or not performed, as the case may be, divest, curtail or abridge an estate already vested.

*Special Term, February,* 1874.

MARGARET LOUISA WINTHROP, the testatrix, was married November 20, 1838. On the 20th of June, 1856, she made the will in question. At this time, Mrs. McKim, then Miss Winthrop, was about sixteen or seventeen years of age, and possessed of two or three hundred dollars. On the 15th of September, 1870, Miss Winthrop was married. Testatrix was at the wedding, and her will was never made known to her children until after her death, which occurred February 26, 1873. At the time of this marriage, Miss Winthrop was worth about $50,000 in her own right, and $170,000 was held in trust for her under the will of her aunt. The will of Mrs. Winthrop was admitted to probate December 5, 1873. This will after devising one-third of her real and personal estate to her husband, and one-third thereof to her son Thomas B. Winthrop, provides as follows:

"Third. To my daughter, Harriet R. Winthrop, I give the other share of my said real and personal estate, to have and to hold the same to her and her heirs, executors, administrators and assigns forever.

"But on the condition that in anticipation of her marriage, whenever it shall take place, a settlement of all her real and personal estate shall be made by some effectual deed, to trustees, securing to her the net income, during her life, and securing the remainder to her issue and next of kin, after her decease, or in such manner as she may appoint by will, to and among her kindred, or any of them, the details of which settlement shall be approved by her father, if living.

"And from her marriage until such settlement (unless it be made before), I give the income of the said last mentioned share to the executor of this will, in trust to apply the net income to her use, and I give the remainder to her issue in fee simple, per stirpes, or failing issue, at her death to her heirs at law and next of kin." A judicial construction of the above provision for Harriet R. Winthrop, now McKim, is sought in this action.

*Edgar S. Van Winkle*, for plaintiffs.

*William Jay*, for Mrs. McKim and husband.

*Stephen P. Nash*, for infant.

VAN BRUNT, *J.* — It was the undoubted intention of the testatrix to divide her estate equally between her husband and children, giving each a one-third share, and it is equally true that she never contemplated depriving her daughter of her share in the estate, under any circumstances, but that looking upon marriage as a sort of necessary evil, she meant that her daughter's property should not be subject to the control of her husband.

It is also equally beyond dispute that the testatrix intended that in case her daughter did not marry that she should possess her estate absolutely, and that she should have the complete and unfettered power of disposal of the same at her death. It has been suggested that the condition in the will

is a condition precedent, and that before any estate vested in
Harriet R. Winthrop, now Mrs. McKim, she must execute a
marriage settlement.    That this is not the true construction
of the will, seems to me to be evidenced by two facts : The
first is, that if this condition was intended to be a condition
precedent, in case Miss Winthrop never married, the fee
would never vest during her life, but be held in abeyance,
which is repugnant to the policy of the law.    The second is,
that Miss Winthrop having married before the death of the
testatrix, with her consent, if this is a condition precedent, is
disinherited without any fault of her own, which could never
have been intended by the testatrix.    I think, then, it is very
clear that the condition must be considered a condition sub-
sequent and not a condition precedent.    All the cases to
which my attention has been called, which hold conditions
to be conditions precedent, are those in which it was plain
that the testator or testatrix did not intend that any estate
should vest in the devisee, or that the devisee should have
no control thereof until the condition had been fulfilled, which
is vastly different from this case, because in case Miss Win-
throp did not marry she undoubtedly had a complete power
of disposal of her share in the estate.

The condition being subsequent, it is equally clear that it
cannot now be performed, as Miss Winthrop married before
the will took effect.

But it is claimed by the counsel for the infant that the
last clause relating to her share shows that the testatrix had
in view a post-nuptial settlement in case an ante-nuptial set-
tlement should not be made.    The true construction of the
clause seems to be this : that the testatrix intended that Miss
Winthrop should make an ante-nuptial settlement in case she
married after her death; but in case for any reason she did
not comply with the condition, the testatrix did not wish to
disinherit her, but until Miss Winthrop made a settlement
(which she probably could not do after marriage without the
consent of her husband) she gives to her only the income of

her share, and in case of her death without making any settlement, the remainder is given to her heirs at law. The whole of this provision seems to apply to a marriage taking place after the death of the testatrix, and it is evidently such a marriage that the testatrix had in mind when these conditions were imposed upon the devise. Miss Winthrop marries before the death of the testatrix; she is present at the wedding, and is presumed to assent to such marriage. She knows that she has attached a condition to her devise to her daughter, which cannot now be fulfilled, yet she does not think it necessary to alter her will because probably she thought that as all these safeguards were intended to protect her daughter's property in case of an improvident marriage after her death, and they having become impossible of fulfillment by her daughter's marriage during her lifetime, and such marriage having taken place with her consent and approbation, no change was necessary, as her daughter would now take her property free and clear of any condition. And in giving this construction to the action of the testatrix, we must bear in mind that at the time of this marriage Miss Winthrop was protected from all chance of future want by the $70,000 received from Miss Hicks, the income of which only she could reach.

The distinction between conditions precedent and subsequent seems to be this:

Conditions precedent are such as must happen or be performed before the estate can vest.

Conditions subsequent are such as when they happen or are performed, or are not performed, as the case may be, divest, curtail or abridge an estate already vested.

It is also a well settled rule that, where an estate is to arise upon a condition precedent, if the condition becomes impossible no estate or interest grows thereupon.

Upon the other hand, if the performance of a condition subsequent becomes impossible, the condition is void, and the estate vests as though no such condition had been imposed.

Winthrop agt. McKim.

If my views in this case are true, that the condition as to both ante and post-nuptial settlements applied to a marriage after the will went into effect, then if the condition is a condition precedent, Miss Winthrop can never receive any share or interest in her mother's estate because the condition can never be fulfilled. If, however, this condition is to be considered as a condition subsequent, it being impossible to fulfill the condition, it is void, and she takes the estate freed from the condition : that is, absolutely, according to the terms of the devise, stripped of the condition. As we have already seen, the condition must have been intended by the testatrix, and by all fair rules of construction is a condition subsequent. Mrs. McKim therefore takes a fee simple absolute in the third part of her mother's estate. I know that much may be said against this construction, but I cannot avoid the conclusion upon a careful examination of this will that the testatrix intended to make the condition apply only to a marriage which should have taken place after her death, when she could not by any act of her's protect her daughter from an improvident husband in case she should make an unfortunate choice. Judgment must, therefore, be rendered adjudging Mrs. McKim to be entitled to one-third of this estate, absolutely free from any condition or limitation.